FILED
2017 Dec-05  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SOUTHERN INSURANCE COMPANY OF VIRGINIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: |
| CLARENCE W. "BILLY" SHARP, III, d/b/a CORNERSTONE HOMES, CORNERSTONE HOMES, L.L.C.; JOHN CAMPBELL; and MARY ELLEN CAMPBELL, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### Statement of Parties and Jurisdiction

1.  Southern Insurance Company of Virginia (hereinafter "SICV") is a corporation incorporated and organized under the laws of the State of Virginia and has its principal place of business in the State of Virginia.

2.  Defendants John Campbell and Mary Ellen Campbell (sometimes referred to collectively as "the Campbells") are adult resident citizens of the State of Alabama.

3.  Defendant Clarence W. "Billy" Sharp d/b/a Cornerstone Homes ("Sharp") is an adult resident citizen of the State of Alabama.

4.      Cornerstone Homes, L.L.C. ("Cornerstone Homes") is a limited liability company incorporated under the laws of the State of Alabama with its principle place of business in the State of Alabama.

5.      This is a declaratory judgment action, which seeks to adjudicate the rights of the parties under a Commercial Liability Policy, which includes a Commercial General Liability Coverage Part[1], issued by SICV to "Cornerstone Home," policy number GLS8886522 with a policy term of September 11, 2015 to September 11, 2016. A certified copy of the policy is attached as **Exhibit A**.

6.      On or about February 22, 2016, the Campbells filed suit in the Circuit Court of Etowah County, Alabama (CV-2016- 900115 ("the underlying suit")). A filed copy of the underlying lawsuit is attached as **Exhibit B**.

7.      In the underlying suit, the Campbells name Sharp as a defendant.

8.      An Amended Complaint was filed on May 1, 2017, naming Cornerstone Homes, L.L.C. as an additional Defendant. A filed copy of the underlying Amended Complaint is attached as **Exhibit C**.

9.      Upon information and belief, Sharp owned and operated Cornerstone Homes in the State of Alabama until Cornerstone Homes, L.L.C. was formed in January of 2016. Thereafter, Sharp owned and operated Cornerstone Homes, L.L.C. in the State of Alabama.

---

[1] For the purpose of this action, the CGL coverage part is hereinafter referred to as "the policy."

10.    The Campbells allege that Sharp and Cornerstone Homes, L.L.C. are liable for various contract breaches, fraud, deceit, and numerous defects and poor workmanship arising out of the renovations of a residential property owned by the Campbells and located at 960 Buck Island Drive, Guntersville, Marshall County, Alabama 35976. **Exhibit C**, Amended Complaint, ¶¶ 13-24, pp. 3-6.

11.    Jurisdiction is based upon diversity of citizenship and the amount in controversy pursuant to 28 USC §1332.

12.    This action is brought under the provisions of the *Federal Declaratory Judgment Act*, 28 USC §2201.

13.    As stated herein, SICV issued to "Cornerstone Home" an individual insurance policy that includes Commercial General Liability coverage. **Exhibit A**. The policy carries a general aggregate limit of two million dollars ($2,000,000).

**Facts and Allegations**

14.    SICV's policy contains the following relevant terms, conditions and exclusions:

**Commercial General Liability**
**CG 00 01 12 04**

**COMMERCIAL GENERAL LIABILITY FORM**

**SECTION 1 – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organizations qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The work "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words or phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   …

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period…

   …

2. **Exclusions**

   This insurance does not apply to:

### a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damaged by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

...

### k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

**l.  Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply of the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

...

## SECTION II – WHO IS AN INSURED
...

**1.** If you are designated in the Declarations as:
...

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

...

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION V – DEFINITIONS

...

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

...

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

...

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

...

17. "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

...

**21.** "Your product":

**a.** Means

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**22.** "Your work":

**a.** Means:

    **(1)** Work or operations performed by you or on your behalf; and

    **(2)** Materials, parts or equipment furnished in connection with such work or operations.

  **b.** Includes

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    **(2)** The providing of or failure to provide warnings or instructions.

...

**Commercial General Liability**
**CGD 90 33 04 09**

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

### AMENDMENTS TO POLICY DEFINITIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

...

**II.** The following is added to Paragraph **17**. "Property Damage" as found in **SECTION V – DEFINITIONS**:

  **c.** "Property damage" does not include any loss, cost or expense to correct any defective, faulty or incorrect work performed by you or by any contractors or subcontractors working directly or indirectly on your behalf.

**Exhibit A, pp. 9-10, 12, 15-16, 19-21, 45.**

9

15.    Specifically, the underlying lawsuit contains the following counts:

-    Negligence/Wantonness;

-    Fraudulent Misrepresentation and/or Innocent

       Misrepresentation;

-    Suppression;

-    Breach of Contract;

-    Breach of Warranties; and

-    Deceit.

**Exhibit C**, Amended Complaint, pp. 7-12.

16.    It is SIVC's position there is no coverage for some or all of the allegations contained in the underlying lawsuit against Sharp d/b/a Cornerstone Homes and Cornerstone Homes, L.L.C. Without limitation and without waiving any other reason(s) that may exist for lack of coverage, the reasons that there is no coverage for the claims against Sharp d/b/a Cornerstone Homes and Cornerstone Homes, L.L.C. under SICV's policy include:

A.    One or all of the defendants are not a named insured under SICV's policy. SICV issued the above Commercial General Liability policy to "Cornerstone Home." The declarations page of the SICV policy identifies the FORM OF NAMED INSURED'S BUSINESS as an "Individual."

**B.**     SICV issued its policy with a policy period of September 11, 2015 to September 11, 2016. Any damage occurring outside of SICV's policy period is not covered.

**C.**     SICV's policy covers only "bodily injury" and "property damage" caused by an "occurrence," defined by the policy as an accident. In their underlying lawsuit, the Campbells allege misrepresentation, fraud, suppression, deceit, and other intentional actions, which are not considered an "occurrence" under SICV's policy. SICV's policy further excludes coverage for any "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**D.**     Faulty workmanship is not "property damage" caused by an "occurrence" under SICV's policy or under Alabama law. SICV's policy further excludes "property damage" or "your product" and "property damage" or "your work."

**E.**     Under the policy definition of "Property Damage," property damage does not include *any* loss, cost or expense to correct *any* defective, faulty or incorrect work performed by Sharp or Cornerstone Homes.

11

F.      Any property not physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" (each as defined by the policy) or arising out of the delay or failure of the insured or anyone acting on the insured's behalf to perform on the contract or agreement in accordance with its terms is excluded from coverage under SICV's policy.

G.      Counts Four and Five of the complaint allege breach of contract and breach of warranty. Breach of contract and breach of warranty are business decisions, fully within the control of the insured. As a result, neither breach of contract nor breach of warranty is an accident and, therefore, do not qualify as "occurrences" as defined by SICV's policy. SICV's policy further excludes "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

H.      The Campbell's alleged monetary losses, consequential damages, and/or the loss of market value to the property do not meet the definition of "bodily injury" or "property damage" as defined by SICV's policy.

I.      SICV reserves the right to supplement and provide to the Court additional coverage issues as warranted.

17.    SICV is providing a defense to Sharp d/b/a Cornerstone Homes and Cornerstone Homes, L.L.C. under a reservation of rights.

18.    A genuine controversy exists as to whether SICV's policy provides coverage to the Sharp d/b/a Cornerstone Homes and Cornerstone Homes, L.L.C.

19.    A justiciable controversy exists between the parties, which requires a court to declare the rights, remedies, obligations and liabilities of the parties under SICV's policy.

WHEREFORE, SICV requests this Honorable Court grant the following relief:

**A.**    Declare whether SICV has a duty to continue its defense of Sharp d/b/a Cornerstone Homes and/or Cornerstone Homes, L.L.C. from the allegations of the underlying lawsuit;

**B.**    Declare whether SICV has a duty to indemnify Sharp d/b/a Cornerstone Homes and/or Cornerstone Homes, L.L.C. from the allegations of the underlying suit;

**C.**    Grant SICV such other, further or different relief to which it may be entitled.

Respectfully submitted,

s/Daniel R. Klasing
Daniel R. Klasing [asb-2630-g66d]
David A. Bright [asb-0758-g69d]
Attorneys for Plaintiff, SICV

OF COUNSEL:
KLASING, WILLIAMSON,
BURKE & BRIGHT, P.C.
1601 Providence Park
Birmingham, Alabama 35242
Tele: 205.980.4733
Fax 205.980.4737
Dan@kwpc-law.com
David@kwpc-law.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Clarence W. "Billy" Sharp, III
d/b/a Cornerstone Homes
131 Couch Road
Albertville, Alabama 35950

Cornerstone Homes, L.L.C.
131 Couch Road
Albertville, Alabama 35950

John Campbell
502 Country Club Drive
Gadsden, Alabama 35901

Mary Ellen Campbell
502 Country Club Drive
Gadsden, Alabama 35901

s/Daniel R. Klasing
OF COUNSEL